HITCH *v.* STATE OF INDIANA.

[No. 570S119. Filed September 3, 1970. No petition for rehearing filed.]

*William C. Erbecker, Herbert W. Johnson, Jr.,* of Indianapolis, *Myron J. Hack, Hack & Gonderman,* of South Bend, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The appellant was tried before a jury on his plea of not guilty to the charges of robbery and robbery while armed. Upon the jury's verdict of guilty of the offense of theft, appellant was sentenced on December 9, 1969, to the Indiana State Reformatory. Appellant was instructed at his sentencing that he had thirty days in which to file a motion for a new trial. Appellant indicated that he did wish to file a motion for a new trial and stated that he had the money or means with which to employ counsel for this purpose.

On March 17, 1970, appellant filed a Verified Petition For Permission To File Belated Motion To Correct Errors with the trial court. A hearing was held on April 27, 1970, wherein said petition was denied.

Post-Conviction Remedy Rule 2, states in part:

"(A) Any defendant convicted after a trial or plea of guilty may petition the court of conviction for permission to file a belated motion for new trial, where:

(1) no timely and adequate motion to correct error was filed for the defendant;

(2) the failure to file a timely motion to correct error was not due to the fault of the defendant; and

(3) the defendant has been diligent in requesting permission to file a belated motion to correct error under this rule.

The trial court shall not consider the merits of the motion, but shall determine whether there are grounds for allowing the belated motion to correct error to be filed. Any hearing on the petition shall be conducted according to Post-Conviction Remedy Rule 1 (E).

If the trial court finds such grounds, it shall permit the defendant to file the motion, and the motion shall then be treated for all purposes as a motion to correct error filed within the prescribed period.

If the trial court finds no such grounds, it shall deny defendant permission to file the motion. Defendant may appeal such a denial and the only assignment of error required is that the trial court ruling is contrary to law."

Under Post-Conviction Remedy Rule 2, the trial court is only to determine "whether there are grounds for allowing the belated motion to correct error to be filed." Here, appellant has met the rule's requirements:

(1) The transcript does not show that a motion to correct error was filed.

(2) The appellant was not at fault in failing to file a timely motion to correct error. According to appellant's affidavit, he in fact made repeated requests of his trial counsel to file a motion to correct errors or a motion for a new trial. However, he was advised that the sum of $1,200 would need to be paid to his attorney before any motions would be filed. On February 4, 1970, appellant paid an attorney $1,000 for the purpose of filing a motion for a new trial, but five weeks later the attorney returned the money to appellant, advising him that he did not wish to handle the case. Appellant contacted present counsel on March 13, 1970.

(3)  It is clear appellant has been diligent in obtaining counsel for the purpose of representing him and in requesting permission to file a belated motion to correct error. The appellant's Verified Petition For Permission To File Belated Motion to Correct Error was filed with the Clerk of the St. Joseph Circuit Court on March 17, 1970, just four days after appellant retained his present counsel.

The trial court's order denying the petition to file a belated motion to correct errors is reversed, and the trial court is directed to grant said motion and to consider the motion to correct errors as filed.

Hunter, C.J., Jackson, Givan and DeBruler, JJ., concur.

NOTE.—Reported in 261 N. E. 2d 564.